## NUGENT v. NUGENT.

No. 78-3128.

Circuit Court, Palm Beach County.

August 28, 1979.

Ronald Sales, Palm Beach, for the husband.

Joseph Reiter, West Palm Beach, for the wife.

Sanford L. Bohrer of Paul & Thomson, Miami, for the movants.

R. WILLIAM RUTTER, Jr., Circuit Judge.

This matter came before the court on a motion to quash subpoena filed by the Miami Herald Publishing Company and Christine Arnold, a reporter for the Miami Herald, directed against a subpoena served upon Christine Arnold by the petitioner/wife in this case; and after having heard argument of counsel, it is adjudged —

1. The Miami Herald is a daily newspaper published in Miami and circulated throughout Palm Beach County and the state of Florida generally.

2. Christine Arnold is a reporter for the Miami Herald and was served with a subpoena by the petitioner/wife in this cause directing Ms. Arnold to appear and testify.

3. The information sought from Christine Arnold was received, developed or gathered by her solely in her professional capacity as a newspaper reporter rather than as a factual observer to the event.

4. Counsel has agreed that the testimony sought to be elicited would not involve a confidential source but rather would be limited to facts and circumstances surrounding an interview conducted by Christine Arnold of the respondent/husband in this case, which interview apparently has been published in the Miami Herald.

5. During argument on the motion, counsel for the petitioner/wife indicated numerous articles written by writers throughout the country concerning the respondent/husband and the desire of the petitioner/wife to bring the content of such articles before the court in order to apprise the court of the conduct of the respondent/husband which would allegedly have a bearing upon the fitness of the respondent/husband as a potential custodian of the children of the marriage.

6. During argument counsel for petitioner/wife argued that the testimony of Christine Arnold would be similar to that of another witness who has already testified in this cause.

7. The issue presented is whether the First Amendment to the United States Constitution and Article I of the Florida Constitution prevent testimony by a newspaper reporter of non-confidential information obtained in preparation of a newspaper article following an interview with the respondent/husband in this cause.

8. It is the conclusion of this court that upon a balancing of the interests of the petitioner/wife against the constitutional questions raised in this matter, the interest relating to the unrestricted flow of public information protected by the constitutions of the United States and Florida outweighs that of the litigant in this case. Allowing the subpoena to stand and the testimony to take place would have a "chilling effect" on the free flow of information provided by the news media to the public. Further, in view of the fact that counsel for the petitioner/wife has already acknowledged that the testimony of Christine Arnold would be similar to testimony already given in this cause, it is apparent that there are sources for obtaining such testimony outside of the news media which would not bring about a confrontation with constitutional requirements.

It is therefore ordered that the motion to quash subpoena is granted, and the subpoena served upon Christine Arnold is hereby quashed and she shall not be required to testify at trial.